# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 19-40417
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR REYNOSO-VALDEZ,

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1783-1

———

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Victor Reynoso-Valdez appeals his conviction for illegal reentry, for which he entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment. Reynoso-Valdez now argues that his indictment is invalid because his prior removal order was void due to a defective notice to appear (NTA) that failed to specify a date and time for his removal hearing, thus, depriving the immigration court of jurisdiction. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further argues that he satisfies 8 U.S.C. § 1326(d)'s three requirements to collaterally attack his removal order.

He concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but wishes to preserve his claims for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that Reynoso-Valdez's arguments are foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.   Alternatively, the Government requests a 30-day extension of time to file a brief.

In *Pierre-Paul*, we held that lack of date-and-time information does not render an NTA defective and that, even if it did, the defect would not be jurisdictional.   *Pierre-Paul*, 930 F.3d at 689-93.   In *Pedroza-Rocha*, we reaffirmed that an NTA's failure to specify a date and time of hearing is not grounds for dismissing a later reentry prosecution and also determined that the defendant could not collaterally attack his underlying removal order without meeting the requirements of § 1326(d).  *Pedroza-Rocha*, 933 F.3d at 498.   Accordingly, Reynoso-Valdez's substantially similar arguments are foreclosed.

However, neither *Pierre-Paul* nor *Pedroza-Rocha* address Reynoso-Valdez's contention that he can escape the requirements of § 1326(d) under a "futility" exception.  This argument is of no consequence.  An alien "must prove all three prongs" of § 1326(d) to successfully challenge a prior removal order. *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015).  In claiming fundamental unfairness under the final prong of § 1326(d), Reynoso-Valdez relies solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed.

No. 19-40417

Any arguments as to prongs one and two of § 1326(d) are, therefore, moot. *See Cordova-Soto*, 804 F.3d at 719.

For the foregoing reasons, we DENY the Government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.